886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John D. HEMPHILL, Plaintiff-Appellant,
v.
SOUTHERN OHIO CORRECTIONAL FACILITY; Vermuleu, Dr.; Tillo,
Dr.; Kang, Dr., Defendants-Appellees.
 No. 89-3232.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 John D. Hemphill, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hemphill is an inmate at the Southern Ohio Correctional Facility; he sued the prison and three of its staff psychiatrists (defendants Vermeulen, Tillo and Kang) alleging that the doctors violated his constitutional rights. Hemphill alleged that the doctors were responsible for his being attacked by another inmate because they negligently placed this inmate into the general prison population when he should have been confined to the psychiatric unit. Hemphill sought monetary and injunctive relief, and "renewal of xanax or valiums." The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that allegations of negligence or malpractice were not cognizable under Sec. 1983. On appeal, Hemphill reasserts his claim, and requests the appointment of counsel.
 
 
 3
 Upon review, we affirm the district court's judgment. Hemphill alleged that he was injured because the defendant doctors negligently released a psychotic inmate into the general prison population when the inmate should have been confined to the psychiatric unit. Hemphill's suit has no basis in law because claims based upon negligence or medical malpractice simply are not cognizable under Sec. 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986); McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988).
 
 
 4
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.